# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAY WOLFE IMPORTS, INC. ) <br> D/B/A Jay Wolfe Honda ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FOUR CORNERS ROOFING ) <br> OF WELLSVILLE, LLC ) <br> ) <br> Defendant. ) | Case No. 12-CV-01289-W-FJG |

## ORDER

Currently pending before the Court is Defendant Four Corners Roofing, LLC ("Four Corner's") Motion to Dismiss Plaintiff's Petition or in the Alternative For More Definite Statement (Doc. # 6) and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. # 10).

### I. BACKGROUND

On March 21, 2012, plaintiff Jay Wolfe hired defendant, Four Corners, to replace the roof at its facility in Kansas City, Missouri. Plaintiff alleges that the contract put the responsibility on defendant to make the building "weather tight." On May 6, 2012, plaintiff claims that a rainstorm caused massive amounts of water to enter its building because defendant failed to make the building weather tight. Plaintiff alleges that as a result of the water entering through the roof, it suffered damages in excess of $147,000 and suffered lost business income in excess of $30,000.00.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007)(citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937,1949 (2009)(quoting Twombly, 550 U.S. at 570).

> A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotations omitted). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

McNeil v. Missouri Annual Conference of United Methodist Church, No. 2:10-CV-04154-NKL, 2010 WL 3732191,*3 (W.D.Mo. Sept. 20, 2010).

Fed.R.Civ.P. 12(e) states in part, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## III. DISCUSSION

Defendant argues that plaintiff's petition does not place defendant on notice of the nature of the claim and makes only vague and unsupported references to a contract and negligence. Defendant argues that plaintiff has failed to reference or cite the

2

contract and thus has failed to put defendant on notice as to what portion of the contract it allegedly breached. Defendant also argues that plaintiff has failed to state a claim for negligence because the petition contains no reference to a legal duty owed to it by defendant, a breach of that duty or an explanation of the proximate cause. Finally, defendant states that plaintiff's petition contains a claim for lost profits, but has failed to pled its lost profits with sufficient particularity to comply with the Federal Rules.

In response, plaintiff filed a Motion for Leave to File a First Amended Complaint. In the Motion, plaintiff states that the First Amended Complaint seeks to correct the deficiencies which were noted in defendant's Motion to Dismiss. Defendant filed no opposition to plaintiff's Motion to File An Amended Complaint.

Accordingly, because the plaintiff's First Amended Complaint, more specifically delineates the nature of plaintiff's claims and with no opposition indicated, the Court hereby **DENIES** defendant's Motion to Dismiss and **GRANTS** plaintiff's Motion for Leave to File a First Amended Complaint. Plaintiff shall file its First Amended Complaint within five days of the date of this Order.

Date: <u>January 10, 2013</u>　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge